Singh v. Sessions

BIA
Christensen, IJ
A200 938 728

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 10th day of May, two thousand eighteen.

PRESENT: BARRINGTON D. PARKER,
REENA RAGGI,
DEBRA ANN LIVINGSTON,
*Circuit Judges.*

_____

JASPREET SINGH,
*Petitioner,*

v.                                                16-1654
                                                  NAC

JEFFERSON B. SESSIONS III,
UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

FOR PETITIONER:        Anas J. Ahmed, Pannun the Firm P.C., Jackson Heights, N.Y.

FOR RESPONDENT:        Chad A. Readler, Acting Assistant Attorney General; Jessica A. Dawgert, Senior Litigation Counsel; Anthony J. Messuri, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Jaspreet Singh, a native and citizen of India, seeks review of the BIA's affirmance of an Immigration Judge's ("IJ's") denial of Singh's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Jaspreet Singh,* No. A200 938 728 (B.I.A. Apr. 28, 2016), *aff'g* No. A200 938 728 (Immig. Ct. N.Y.C. Sept. 22, 2014). We assume the parties' familiarity with the underlying facts and procedural history in this case, which we reference only as necessary to explain our decision to deny the petition for review.

We have reviewed both the BIA's and IJ's decisions, including portions of the IJ's decision not explicitly discussed by the BIA, *see Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005), applying well-established standards of review, *see* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

Under the REAL ID Act of 2005, the agency may, in light of "the totality of the circumstances," base an adverse credibility determination on an asylum applicant's "demeanor,

2

candor, or responsiveness" and on inconsistencies in the applicant's statements.  8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 165 (2d Cir. 2008).  In conducting "substantial evidence" review, "[w]e defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d at 167.  A petitioner challenging an IJ's credibility determination "must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony."  *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir. 2005) (emphasis in original) (internal quotation marks omitted).  The adverse credibility determination against Singh is supported by substantial evidence.

The IJ compared Singh's testimony to the record of his credible fear interview and found significant omissions. Singh does not deny that those omissions exist, but attributes them to his being nervous and cold at the interview and to his uncle's advice that he not mention certain incidents during his interview.  The IJ had the discretion to reject that explanation.  *See Ming Zhang v. Holder*, 585 F.3d 715,

3

725 (2d Cir. 2009) ("We again reject the notion that a petitioner's claim that she was nervous and distracted during the credible fear interview automatically undermines or negates its reliability as a source of her statements.").

Moreover, the omissions were substantial. At the credible fear interview, Singh identified two beatings by Congress Party members as the basis for his decision to leave India and stated that he had not been harmed on any other occasions. He omitted two detentions and beatings asserted at his hearing. As the IJ reasonably concluded, Singh appeared to have embellished his asylum claim at the hearing, making his explanation that his uncle advised him not to mention the police unpersuasive. *See Majidi v. Gonzales*, 430 F.3d at 80–81 (explaining that the agency is not required to credit an explanation that is merely plausible or possible). Singh also omitted from his credible fear interview a third attack by Congress Party members. At his hearing, Singh explained that he omitted this incident because it was less severe than the others. The IJ was not compelled to credit that explanation, particularly given Singh's specific response during his credible fear interview that he was beaten by the Congress Party only on two occasions.

4

A single inconsistency or omission that goes to the heart of a claim, like any of those described above, can alone provide sufficient support for an adverse credibility finding. *See, e.g., Xian Tuan Ye v. Dep't of Homeland Sec.*, 446 F.3d 289, 294-95 (2d Cir. 2006). But in addition, the IJ reasonably relied on Singh's confused testimony during the hearing. For example, Singh initially testified that Congress Party members beat him in May 2007, but later testified that it was the police who beat him in May 2007. He also testified that he joined his political party in February 2009, but then said he joined in June 2010.

Given these inconsistencies and omissions, substantial evidence supports the agency's adverse credibility determination. Singh's asylum, withholding of removal, and CAT claims were all based on the same factual predicate, and so the credibility determination was dispositive as to all three forms of relief. *See Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument

5

in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                    FOR THE COURT:
                    Catherine O'Hagan Wolfe, Clerk of Court